**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

June 2, 2020

Philip T. Edwards, Esq.
Murphy & Landon
1011 Centre Rd., Suite 210
Wilmington, DE 19805

Brian D. Tome, Esq.
Reilly McDevitt & Henrich, P.C
1013 Centre Rd., Suite 210
Wilmington, DE 19805

Armand J. Della Porta. Jr., Esq.
Marshall Dennehey Warner
Coleman & Goggin
1007 N. Orange St., Suite 600
Wilmington, DE 19899

> RE:  Gregory J. Long v. Johnson & Johnson Services, Inc., et al.
> C.A. No.: N19C-09-255 MAA

Dear Counsel:

The Court has reviewed Defendant Noramco, Inc.'s ("Noramco") Motion for Reargument and Plaintiff's opposition thereto.[1]  For the reasons stated herein, the Motion for Reargument is DENIED.

---

[1] Noramco also submitted a letter to the Court after Plaintiff filed his Opposition to Noramco's Motion for Reargument.  Attached to the letter were several exhibits, none of which Noramco made any mention of in its Motion for Reargument. Noramco's disagreement with the Court's decision denying its Motion to Dismiss does not create an exception to Delaware courts' strict application of Rule 59(e), which permits only the filing of a motion and a response.  Moreover, affidavits are an inappropriate means of supporting a motion to reargue.  *Fleet Fin. Grp., Inc. v. Advanta Corp.*, 2001 WL 1360119, at *2 (Del. Ch. Nov. 2, 2001).

The moving party faces a heavy burden on a motion for reargument. A motion for reargument is not a device for raising new arguments, nor is it intended to rehash the arguments already decided by the Court. The only issue on a motion for reargument under Superior Court Civil Rule 59(e) "is whether the Court overlooked something that would have changed its earlier decision."[2] The Motion for Reargument will be denied "unless the Court has overlooked a controlling precedent or legal principles, or unless the Court has misapprehended the law or facts such as would affect the outcome of the decision."[3]

Noramco restates in its Motion for Reargument the same arguments it asserted in its Motion to Dismiss and subsequent oral argument and additional briefing. The Court has already addressed these arguments in the April 24, 2020 Order and will not re-state its rulings here. Noramco's Motion for Reargument ignores the Court's analysis, misstates the Court's findings, and appears to misunderstand Delaware's 12(b)(6) pleading standard. Noramco has not presented the Court with any controlling precedent or legal principles that would change the Court's decision, nor has Noramco shown that the Court misapprehended facts in a material way. Noramco's disagreement with the Court's decision is not grounds for granting

---

[2] *Ferko v. McLaughlin*, 1999 WL 167827, at *1 (Del. Super. Feb. 19, 1999) (citing *McElroy v. Shell Petroleum, Inc.*, 1992 WL 397468 (Del. Super. Nov. 24, 1992)).
[3] *Eisenmann Corp. v. General Motors Corp.*, 2000 WL 303310, at *1 (Del. Super. Feb. 24, 2000) (citing *Interim Health Care v. Fournier*, 1994 WL 148266, at *2 (Del. Ch. Mar. 25, 1994)).

reargument.  Therefore, the Court will deny Noramco's Motion for Reargument.  **IT IS SO ORDERED.**

_____
Meghan A. Adams, Judge